UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

LESLIE P. HOLDSWORTH,               Case No. 8:13-bk-00745-MGW
                                    Chapter 11
    Debtor.
_____/

**ORDER GRANTING MOTION TO REFER MATTER TO MORTGAGE MODIFICATION MEDIATION, DIRECTING MORTGAGE MODIFICATION MEDIATION, AND ESTABLISHING MEDIATION COMPENSATION**
(930 Allegro Lane, Apollo Beach, Florida)

This case came before the Court without a hearing to consider the Motion to Refer Matter to Mortgage Modification Mediation ("Motion") (Docket No. 77) filed by Leslie P. Holdsworth. This Court having reviewed the record, together with the Motion, finds that the Motion should be granted. Accordingly, it is

ORDERED that:

1.    The Motion be, and is hereby, GRANTED.

2.    Within twenty-one days of the entry of this Order, SunTrust Bank ("SunTrust") shall supply the Debtor's counsel with SunTrust's loan modification requirements.

3.    The Court directs the parties to mutually select a mediator and file a notice with the Court identifying the selected mediator. If the parties fail to file such notice within twenty-one days of the entry of this Order, the Debtor shall file a request for the Court to appoint a mediator.

4.    The mediator is entitled to compensation of $350 for two hours of mediation, to be paid equally by the parties prior to commencement of the mediation. If the parties agree to continue the mediation beyond the two hours, the Mediator shall thereafter be entitled to his/her

normal hourly rate for residential mortgage modification mediation, or such other rate as the parties and the Mediator may agree upon, to be paid equally by the parties prior to the conclusion of the mediation.

5. The mediation shall be scheduled to occur no later than <u>60 days from entry of this Order</u> *(MGW)*.

6. The Mediator is responsible for coordinating a mutually convenient date, time, and place of the mediation.

7. At least twenty-one (21) days prior to the scheduled mediation, the Debtor's counsel shall provide to SunTrust's counsel the Debtor's following information:

    a. Completed HAMP RMA Financial Disclosure Loan Modification Package;

    b. Completed Lender Specific Modification Form;

    c. Last two months' pay stub for all non self-employed borrowers;

    d. Six month profit/loss statement from self-employed borrowers, typed, signed and dated on business letterhead;

    e. Benefit Statements (Social Security, Disability, Unemployment, Welfare, Pension Award Letter, etc.);

    f. Lease agreement (if claiming rental income) or contribution letter;

    g. Last two months' bank statements (all pages), personal and business, if applicable;

    h. Last two years federal income tax returns (including all schedules), personal and business, if applicable, signed and dated;

    i. IRS Form 4506-T;

    j. Current utility bill (showing name and property address of debtor/debtors)'

  k. Homeowners' insurance quote/policy;

  l. Current tax assessment for property;

  m. Proof of HOA fees and payments status;

  n. Hardship Letter, signed and dated;

  o. Schedule I;

  p. Schedule J;

  q. Chapter 11 Plan, if applicable;

  r. Consent to Escrow, signed and dated;

  s. Completed Dodd-Frank Form;

  t. Any additional information requested by SunTrust or identified as required information on SunTrust's website; and

  u. Any appraisals or other evidence of value obtained or relied upon by the Debtor.

  8. At least 14 days prior to the scheduled mediation, SunTrust shall review the Debtor's financial information and notify the Debtor of any additional or updated financial records the Debtor must provide to SunTrust. The Debtor must provide additional or updated records within three business days of such notification.

  9. Each party or its representative having full authority to settle without further consultation shall attend the mediation with counsel. If the failure of a party to comply with this requirement results in an impasse, such party may be liable for sanctions to include payment of all fees incurred by the other parties to the mediation. Telephonic appearance may be authorized in advance by the Mediator, at the Mediator's discretion. At the Mediator's request, the trustee of a securitized loan or its fully authorized designee will complete and master servicer settlement authority shall provide the Mediator with a copy of any applicable settlement guidelines.

10. Within five days following the conclusion of mediation, the Mediator shall file a Mediator's Report and Completion of Mediation indicating whether the mediation resulted in settlement or an impasse.

11. Participation in mediation conducted pursuant to this Order does not preclude participation in state court foreclosure mediation.

DONE and ORDERED on May 13, 2013 _____.

_____
MICHAEL G. WILLIAMSON
United States Bankruptcy Court Judge

Conformed copies to:

Office of the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, FL 33602
Rubina K. Shaldjian, Esq., P.O. Box 25018, Tampa, FL 33622-5018
Bernard J. Morse, Esq., 11268 Winthrop Main Street, Suite 102, Riverview, FL 33578

S:\Shared Office Files\Holdsworth\Pleading\ord refer to mediation.docx