**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE: Chapter 11

LESLIE P. HOLDSWORTH, Case No.: 8:13-bk-00745-MGW

Debtor.

_____________________________/

# PLAN OF REORGANIZATION

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of LESLIE P. HOLDSWORTH (the "Debtor") from the Debtor future earnings.

This Plan provides for four classes of secured claims; one class of priority unsecured claims; one class of general unsecured claims; and one class of equity. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately two and one half to ten cents on the dollar[1]. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtors and the claimant.

All creditors and equity holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02 Class 2. The claim of Suntrust Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.03 Class 3. The claim of Suntrust Bank, to the extent allowed as a secured claim under § 506 of the Code.

[1]This amount could vary drastically depending on the deficiency claims of the Debtor's secured creditors.

2.04 Class 4. The claim of Suntrust Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.05 Class 5. The claim of EverBank, to the extent allowed as a secured claim under § 506 of the Code.

2.06 Class 6. All general unsecured claims allowed under § 502 of the Code.

2.07 Class 7. The Debtor's equity interest in the property of the bankruptcy estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor estimates additional attorney and accounting administrative fees of approximately $10,000.00. Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as authorized agreed to by the Debtor and the claimant.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Right to Vote | Treatment |
|---|---|---|---|
| Class 1 - Priority Claim of the Internal Revenue Service | Impaired | No | The priority unsecured claim of the Internal Revenue Service will be paid pursuant to 11 U.S.C. § 1129(a)(9)(C)(ii). |

| Class 6 - General Unsecured Creditors | Impaired | Yes | The Debtor will fund twenty-five thousand dollars ($25,000.00) to the Plan pool. Creditors in this class shall receive a pro rata distribution of their claim without interest in twenty (20) quarterly distributions of $1,250.00 commencing on start of the quarter immediately following the Effective Date of Confirmation. In the event that this quarter occurs less than thirty (30) days after the entry of the Confirmation Order, payment shall commence until the following quarter.<br><br>Promissory Notes will be issued to each creditor in this class with allowed claims to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction. (See, *Exhibit "C"* to Disclosure Statement). |
|---|---|---|---|
| Class 7 - Equity | Not Impaired | No | The Debtor will retain her equity in the property of the bankruptcy estate post-Confirmation. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04 Objection to Claims. Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

n/a

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan unless plead otherwise through specific motion. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor shall fund the Plan through her current employment.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02 Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01 Discharge. Confirmation of this Plan will not discharge the from any debt that arose before confirmation of this Plan. The Debtor will receive a discharge upon completion of the Plan obligations, consistent with 11 U.S.C. § 1141.

# ARTICLE X
# OTHER PROVISIONS

10.1 Request for "Cram Down" of Non-Accepting Classes. The Debtor requests that the Court confirm the Plan notwithstanding the failure of classes to vote to accept the Plan. Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in a manner prescribed by §1129(b) of the Code. A Plan that binds non-accepting classes is commonly referred to as a "cram down" Plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of §1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan. **Creditors and Equity Interest Holders concerned with how the cram down provisions will affect your claim or equity interest should seek independent counsel, as the variations on this general rule are numerous and complex.** The Debtor is not required to file a motion for other pleading to seek and obtain cram down of a Plan. As a result, the Debtor will seek the Court's confirmation of this Plan in accordance with the cram down provisions of the Bankruptcy Code by *ore tenus* motion at the date and time of the Confirmation Hearing without further notice to creditors or other parties in interest.

10.2 Retention of Jurisdiction. Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

a. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

b. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

c. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

g. The entry of an order concluding and terminating this case.

**DATED** on this 31 day of July, 2014.

LESLIE P. HOLDSWORTH

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 4 day of ~~July~~ August, 2014, a true and correct copy of the foregoing ***Plan of Reorganization*** has been furnished by ■ CM/ECF Electronic Mail to:

Denise E Barnett, *Attorney for the Office of the United States Trustee - TPA*, denise.barnett@usdoj.gov

Reka Beane, *Attorney for Seterus, Inc.*, midbkmail@wolfelawfl.com

W Gregory Golson, *Attorney for Sally Garcia, Personal Representative of the Estate of Samuel Garcia, III*, wgg@golsonlegal.com

Frank Jose Gomez, *Attorney for Suntrust Bank*, fgomez@ffapllc.com, rjohansen@ffapllc.com; gdeangelo@ffapllc.com; thefflinger@ffapllc.com; mreis@ffapllc.com;tcarraway@ffapllc.com

Christine L Herendeen, *Mediator*, clh@herendeenlaw.com

E Blake Melhuish, *Attorney for David Holdsworth, John Holdsworth and Leslie Holdsworth*, elhuish melhuishpa@aol.com

Bernard J Morse, *Former Attorney for Debtor*, bmorse@morselawyers.com, bmorse@morselawyers.com; mjoyner@morselawyers.com

Cynthia M Talton, *Attorney for Suntrust Bank*, midbkmail@wolfelawfl.com

Allison D Thompson, *Attorney for EverBank*, bkfiling@consuegralaw.com

United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Dessa Willson, *Attorney for EverBank*, bkfiling@consuegralaw.com

Mariam Zaki, *Attorney EverBank*, MZaki@erwlaw.com, BankruptcyECF@erwlaw.com

and, by ■ Regular U.S. Mail to:

Internal Revenue Service, Attn: Special Procedures, 400 W. Bay Street, Suite 35045, Stop 5720, Jacksonville, FL 32202 (Jacksonville District);

Internal Revenue Service, Post Office Box 7346, Philadelphia, PA 19101-7346;

State of Florida, Department of Revenue, PO Box 6668, Tallahassee, FL 31314-6668

Leslie P. Holdsworth, 930 Allegro Lane, Apollo Beach, FL 33572;

Twenty (20) Largest Unsecured Creditors.

Respectfully submitted,

BUDDY D. FORD, P.A.,

Buddy D. Ford, Esquire (FBN: 0654711)
Email: *Buddy@tampaesq.com*
Jonathan A. Semach, Esquire (FBN: 0060071)
Email: *Jonathan@tampaesq.com*
J. Ryan Yant, Esquire (FBN: 104849)
Email: Ryan@tampaesq.com
115 North MacDill Avenue
Tampa, Florida 33609-1521
Telephone #: (813) 877-4669
Facsimile #: (813) 877-5543
Office Email: *All@tampaesq.com*
Attorney for Debtor

Label Matrix for local noticing
113A-8
Case 8:13-bk-00745-MGW
Middle District of Florida
Tampa
Mon Aug 4 10:30:06 EDT 2014

Blake Melhish
522 12th St. W.
Bradenton, FL 34205-7411

CACH LLC
4340 S. Monaco St.
Unit 2
Denver, CO 80237-3408

Discover Card
PO Box 71084
Charlotte, NC 28272-1084

Estate of Samuel Garcia
c/o Ronlando Santiago Esq.
240 Apollo Beach Blvd.
Apollo Beach, FL 33572-2262

EverBank
Attn: Christopher Salamone Esq.
350 Jim Moran Blvd., Suite 100
Deerfield Beach, FL 33442-1721

Everbank
c/o Daniel C. Consuegra, Esq.
9204 King Palm Dr.
Tampa, FL 33619-1328

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Centralized Insolvency
PO Box 7346
Philadelphia, PA 19101-7346

Midland Credit Managment Inc
8875 Aero Dr.
Ste. 200
San Diego, CA 92123-2255

Sally Garcia, Personal Representative
of the Estate of Samuel Garcia
C/O W Gregory Golson, Esq.
1724 E 5th Ave
Tampa, FL 33605-5116

Seterus, Inc.
Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018

Suntrust Mortgage, Inc
C/O Rubina K Shaldjian, Esq.
PO Box 25018
Tampa, FL 33622-5018

Suntrust Mortgage, Inc
C/O Frank J Gomez, Esq.
4855 Technology Way, Ste 500
Boca Raton, FL 33431-3352

Suntrust Mortgage, Inc.
c/o Frank J. Gomez, Esquire
Florida Foreclosure Attorneys, PLLC
4855 Technology Way, Suite 500
Boca Raton, FL 33431-3352

TD Bank
32 Chestnut St.
Lewiston, ME 04240-7799

Toyota Motor Credit Company
19001 S. Western Ave.
Torrance, CA 90501-1196

USAA/Northland Group
PO Box 390846
Minneapolis, MN 55439-0846

End of Label Matrix
Mailable recipients 17
Bypassed recipients 0
Total 17