### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

IN RE:                                                          Chapter 11

LESLIE P. HOLDSWORTH,                          Case No.: 8:13-bk-00745-MGW

   Debtor.

_____/

## CORRECTED PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of LESLIE P. HOLDSWORTH (the "Debtor") from the Debtor future earnings.

This Plan provides for four classes of secured claims; one class of priority unsecured claims; one class of general unsecured claims; and one class of equity. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately two and one half to ten cents on the dollar[1]. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtors and the claimant.

All creditors and equity holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| 2.02 | Class 2. | The claim of Suntrust Bank, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | Class 3. | The claim of Suntrust Bank, to the extent allowed as a secured claim under § 506 of the Code. |

---

[1] This amount could vary drastically depending on the deficiency claims of the Debtor's secured creditors.

2.04　Class 4.　　The claim of Suntrust Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.05　Class 5.　　The claim of EverBank, to the extent allowed as a secured claim under § 506 of the Code.

2.06　Class 6.　　All general unsecured claims allowed under § 502 of the Code.

2.07　Class 7.　　The Debtor's equity interest in the property of the bankruptcy estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01　Unclassified Claims.　Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02　Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor estimates additional attorney and accounting administrative fees of approximately $10,000.00. Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees.

3.03　Priority Tax Claims.　Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as authorized agreed to by the Debtor and the claimant.

3.04　United States Trustee Fees.　All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01　Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Right to Vote | Treatment |
|---|---|---|---|
| Class 1 - Priority Claim of the Internal Revenue Service | Impaired | No | The priority unsecured claim of the Internal Revenue Service will be paid pursuant to 11 U.S.C. § 1129(a)(9)(C)(ii). |

| | | | |
|---|---|---|---|
| Class 2 - Secured Claim of Suntrust Bank | Impaired | Yes | SunTrust Bank holds a claim in the amount of $581,773.80 (**Claim #12**) secured by the Debtor's homestead located at 930 Allegro Lane, Apollo Beach, Florida 33572. The Debtor is attempting to go to mediation on this property. SunTrust Bank will retain its lien to the same extent, validity and priority as existed pre-Petition. |
| Class 3 - Secured Claim of Suntrust Bank | Impaired | Yes | SunTrust Bank holds a claim in the amount of $448,592.87 (**Claim #2**) secured by the Debtor's homestead located at 930 Allegro Lane, Apollo Beach, Florida 33572. The Debtor believes that this mortgage is wholly unsecured and is filing a motion to strip the lien. This claim will be paid pursuant to Class 6. |
| Class 4 - Secured Claim of Suntrust Bank | Impaired | Yes | SunTrust Bank holds a claim in the amount of $880,109.99 (**Claim #13**) on real property located at 2980 Mountain Air Drive, Burnsville, NC. The allowed secured claim will be amortized over thirty (30) years at 5.25% interest with payments commencing thirty (30) days from the entry of the Confirmation Order. SunTrust Bank will retain its lien to the same extent, validity, and priority as existed pre-Petition. Any deficiency claim will be paid pursuant to Class 6. |
| Class 5 - Secured Claim of EverBank | Impaired | Yes | EverBank holds a claim in the amount of $1,408,040.23 (**Claim #11**) which it filed as wholly secured by real property located at 2311 7th Street SW, Ruskin, Florida. The Debtor will surrender whatever interest she has in 2311 7th Street SW, Ruskin, Florida in full satisfaction of the claim. |

| | | | |
|---|---|---|---|
| Class 6 - General Unsecured Creditors | Impaired | Yes | The Debtor will fund twenty-five thousand dollars ($25,000.00) to the Plan pool. Creditors in this class shall receive a pro rata distribution of their claim without interest in twenty (20) quarterly distributions of $1,250.00 commencing on start of the quarter immediately following the Effective Date of Confirmation. In the event that this quarter occurs less than thirty (30) days after the entry of the Confirmation Order, payment shall commence until the following quarter.<br><br>Promissory Notes will be issued to each creditor in this class with allowed claims to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction. (See, *Exhibit "C"* to Disclosure Statement). |
| Class 7 - Equity | Not Impaired | No | The Debtor will retain her equity in the property of the bankruptcy estate post-Confirmation. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04 Objection to Claims. Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

4

n/a

(b)  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan unless plead otherwise through specific motion. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor shall fund the Plan through her current employment.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01  Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02  Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03  Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04  Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06  Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01 Discharge. Confirmation of this Plan will not discharge the from any debt that arose before confirmation of this Plan. The Debtor will receive a discharge upon completion of the Plan obligations, consistent with 11 U.S.C. § 1141.

## ARTICLE X
## OTHER PROVISIONS

10.1 <u>Request for "Cram Down" of Non-Accepting Classes</u>. The Debtor requests that the Court confirm the Plan notwithstanding the failure of classes to vote to accept the Plan. Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in a manner prescribed by §1129(b) of the Code. A Plan that binds non-accepting classes is commonly referred to as a "cram down" Plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of §1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan. **Creditors and Equity Interest Holders concerned with how the cram down provisions will affect your claim or equity interest should seek independent counsel, as the variations on this general rule are numerous and complex.** The Debtor is not required to file a motion for other pleading to seek and obtain cram down of a Plan. As a result, the Debtor will seek the Court's confirmation of this Plan in accordance with the cram down provisions of the Bankruptcy Code by *ore tenus* motion at the date and time of the Confirmation Hearing without further notice to creditors or other parties in interest.

10.2 <u>Retention of Jurisdiction</u>. Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

a. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

b. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

c. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

g. The entry of an order concluding and terminating this case.

DATED on this 31 day of July, 2014.

_____
LESLIE P. HOLDSWORTH

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19 day of August, 2014, a true and correct copy of the foregoing *Plan of Reorganization* has been furnished by ■ CM/ECF Electronic Mail to:

Denise E Barnett, *Attorney for the Office of the United States Trustee - TPA*, denise.barnett@usdoj.gov

Reka Beane, *Attorney for Seterus, Inc.*, midbkmail@wolfelawfl.com

W Gregory Golson, *Attorney for Sally Garcia, Personal Representative of the Estate of Samuel Garcia, III*, wgg@golsonlegal.com

Frank Jose Gomez, *Attorney for Suntrust Bank*, fgomez@ffapllc.com, rjohansen@ffapllc.com; gdeangelo@ffapllc.com; thefflinger@ffapllc.com; mreis@ffapllc.com;tcarraway@ffapllc.com

Christine L Herendeen, *Mediator*, clh@herendeenlaw.com

E Blake Melhuish, *Attorney for David Holdsworth, John Holdsworth and Leslie Holdsworth*, elhuish melhuishpa@aol.com

Bernard J Morse, *Former Attorney for Debtor*, bmorse@morselawyers.com, bmorse@morselawyers.com; mjoyner@morselawyers.com

Cynthia M Talton, *Attorney for Suntrust Bank*, midbkmail@wolfelawfl.com

Allison D Thompson, *Attorney for EverBank*, bkfiling@consuegralaw.com

United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Dessa Willson, *Attorney for EverBank*, bkfiling@consuegralaw.com

Mariam Zaki, *Attorney EverBank*, MZaki@erwlaw.com, BankruptcyECF@erwlaw.com

and, by ■ Regular U.S. Mail to:

Internal Revenue Service, Attn: Special Procedures, 400 W. Bay Street, Suite 35045, Stop 5720, Jacksonville, FL 32202 (Jacksonville District);

7

Internal Revenue Service, Post Office Box 7346, Philadelphia, PA 19101-7346;

State of Florida, Department of Revenue, PO Box 6668, Tallahassee, FL 31314-6668

Leslie P. Holdsworth, 930 Allegro Lane, Apollo Beach, FL 33572;

Matrix.

        Respectfully submitted,

        BUDDY D. FORD, P.A.,

        Buddy D. Ford, Esquire (FBN: 0654711)
        Email: *Buddy@tampaesq.com*
        Jonathan A. Semach, Esquire (FBN: 0060071)
        Email: *Jonathan@tampaesq.com*
        J. Ryan Yant, Esquire (FBN: 104849)
        Email: Ryan@tampaesq.com
        115 North MacDill Avenue
        Tampa, Florida 33609-1521
        Telephone #: (813) 877-4669
        Facsimile #: (813) 877-5543
        Office Email: *All@tampaesq.com*
        Attorney for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:13-bk-00745-MGW<br>Middle District of Florida<br>Tampa<br>Tue Aug 19 09:54:40 EDT 2014 | EverBank<br>Elizabeth R. Wellborn, P.A.<br>350 Jim Moran Blvd<br>Suite 100<br>Deerfield Beach, FL 33442-1721 | Christine L Herendeen<br>P.O. Box 152348<br>Tampa, FL 33684-2348 |
| Leslie P. Holdsworth<br>930 Allegro Lane<br>Apollo Beach, FL 33572-2770 | Michael G. Williamson<br>Tampa | B. Gray Gibbs, P.A.<br>100 2nd Ave. S.<br>Ste. 1202<br>St. Petersburg, FL 33701-4384 |
| Bank of America<br>PO Box 1598<br>Norfolk, VA 23501-1598 | Bay Area Hospitalist<br>c/o Gulf Coast Collection<br>5630 Marquesas Cir.<br>Sarasota, FL 34233-3331 | Blake Melhish<br>522 12th St. W.<br>Bradenton, FL 34205-7411 |
| Brandon Regional Hospita<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 | Brandon Regional Hospital<br>PO Box 9800<br>Palm Harbor, FL 34682-9800 | CACH LLC<br>4340 S. Monaco St.<br>Unit 2<br>Denver, CO 80237-3408 |
| Department of Labor and Security<br>Hartman Building Suite 307<br>2012 Capital Circle Southeast<br>Tallahassee FL 32399 0648 | Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 | Discover Card<br>PO Box 71084<br>Charlotte, NC 28272-1084 |
| E. Blake Melhuish PA<br>522 12th St. W.<br>Bradenton, FL 34205-7411 | Estate of Samuel Garcia<br>c/o Ronlando Santiago Esq.<br>240 Apollo Beach Blvd.<br>Apollo Beach, FL 33572-2262 | EverBank<br>Attention: Default Outsourcing,/CC325<br>301 West Bay Street<br>Jacksonville, FL 32202-5121 |
| EverBank<br>Attn: Christopher Salamone Esq.<br>350 Jim Moran Blvd., Suite 100<br>Deerfield Beach, FL 33442-1721 | Everbank<br>Law Offices of Daniel C. Consuegra, PL<br>9204 King Palm Drive<br>Tampa, FL 33619-1328 | Everbank<br>c/o Daniel C. Consuegra, Esq.<br>9204 King Palm Dr.<br>Tampa, FL 33619-1328 |
| Everbank<br>c/o James M. Roley, Esq.<br>1301 Riverplace Blvd.<br>Ste. 1500<br>Jacksonville, FL 32207-1811 | Everbank as assignee from<br>Bank of Florida<br>c/o Robert M. Clements, Esq.<br>501 Riverside Ave.<br>Jacksonville, FL 32202-4940 | Everbank, A Federal Savings Bank<br>2775 Sunny Isles Blvd.,Suite 100<br>Miami, Fl 33160-4078 |
| Federal National Mortgage Association<br>c/o Seterus, Inc.<br>PO Box 2008<br>Grand Rapids, MI 49501-2008 | Federal National Mortgage Association<br>c/o Seterus, Inc.<br>PO Box 2206<br>Grand Rapids, MI 49501-2206 | George V. Famiglio Jr CPA<br>1634 Main St.<br>Sarasota, FL 34236-5811 |
| Greater FL Anesthesiologists<br>c/o Frost-Arnett<br>PO Box 1022<br>Wixom, MI  48393-1022 | Holdsworth Properties, LLC<br>930 Allegro Lane<br>Apollo Beach, FL 33572-2770 | Internal Revenue Service<br>Centralized Insolvency<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |

| | | |
|---|---|---|
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | John Holdsworth<br>930 Allegro Lane<br>Apollo Beach, FL 33572-2770 | Key Bank<br>PO Box 94722<br>Cleveland, OH 44101-4722 |
| Key Bank<br>PO Box 94968<br>Cleveland, OH 44101-4968 | Midland Credit Managment Inc<br>8875 Aero Dr.<br>Ste. 200<br>San Diego, CA 92123-2255 | NCO Financial Systems<br>9009 Corporate Lakes Dr.<br>Suite 300-BD<br>Tampa, FL 33634-2367 |
| Oakfield Drive Emergency<br>Physician<br>PO Box 37803<br>Philadelphia, PA 19101-0103 | Plantation Billing Center<br>PO box 189016<br>Ft. lauderdale, FL 33318-9016 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Radiology Assoc.<br>PO Box 31265<br>Tampa, FL 33631-3265 | Radiology Associates<br>c/o Business Revenue Systems<br>PO Box 1307<br>Des Moines, IA 50305 | Ruffolo Hooper & Associates<br>5755 Hoover Blvd.<br>Tampa, FL 33634-5340 |
| Sally Garcia as Personal Representative<br>of the Estate of Samuel Garcia, III<br>c/o Golson Legal, P.A.<br>1724 E 5th Avenue<br>Tampa, FL 33605-5116 | Sally Garcia, Personal Representative<br>of the Estate of Samuel Garcia<br>C/O W Gregory Golson, Esq.<br>1724 E 5th Ave<br>Tampa, FL 33605-5116 | Seterus, Inc.<br>Ronald R Wolfe & Associates, P.L.<br>P.O. Box 25018<br>Tampa, Florida 33622-5018 |
| SunTrust Bank<br>Attn. Support Services<br>P.O. Box 85092<br>Richmond, VA 23286-0001 | SunTrust Mortgage<br>PO Box 26149<br>Richmond, VA 23260-6149 | SunTrust Mortgage<br>PO Box 27767<br>Richmond, VA 23261-7767 |
| SunTrust Mortgage<br>PO Box 305053<br>Nashville, TN 37230-5053 | Suntrust Mortgage INC.<br>1001 Semmes Avenue<br>Richmond, VA 23224-2245 | Suntrust Mortgage, Inc<br>C/O Frank J Gomez, Esq.<br>4855 Technology Way, Ste 500<br>Boca Raton, FL 33431-3352 |
| Suntrust Mortgage, Inc<br>C/O Rubina K Shaldjian, Esq.<br>PO Box 25018<br>Tampa, FL 33622-5018 | Suntrust Mortgage, Inc.<br>Bankruptcy Department RVW 3034<br>P.O. Box 27767<br>Richmond, VA 23261-7767 | Suntrust Mortgage, Inc.<br>c/o Frank J. Gomez, Esquire<br>Florida Foreclosure Attorneys, PLLC<br>4855 Technology Way, Suite 500<br>Boca Raton, FL 33431-3352 |
| TD Bank<br>32 Chestnut St.<br>Lewiston, ME 04240-7799 | TD Bank N.A.<br>Attn: Bankruptcy Dept.<br>ME2-002-035<br>P.O. Box 9547<br>Portland, ME 04112-9547 | Tampa Bay Radiology Assoc<br>PO Box 20367<br>Tampa, FL 33622-0367 |
| Tampa Bay Surgical Group<br>PO Box 22289<br>St. Petersburg, FL 33742-2289 | Tampa General Hospital<br>c/o Preferred CMS<br>PO Box 2964<br>Tampa, FL 33601-2964 | Target<br>PO Box 673<br>Minneapolis, MN 55440-0673 |

| | | |
|---|---|---|
| Toyota Motor Credit Company<br>19001 S. Western Ave.<br>Torrance, CA 90501-1196 | Toyota Motor Credit Corporation<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Trustee Services of Carolina<br>c/o Brock & Scott, PLLC<br>5431 Oleander Dr.<br>Wilmington, NC 28403-5847 |
| USAA Federal Savings Bank<br>10750 McDermott Freeway<br>San Antonio, TX 78230-1649 | USAA/Northland Group<br>PO Box 390846<br>Minneapolis, MN 55439-0846 | Christine L Herendeen +<br>Herendeen Law, LLC.<br>PO Box 152348<br>Tampa, FL 33684-2348 |
| Buddy D. Ford +<br>115 N. MacDill Avenue<br>Tampa, FL 33609-1521 | W Gregory Golson +<br>Golson Legal, P.A.<br>17425 Bridge Hill Court, Suite 202<br>Tampa, FL 33647-3657 | United States Trustee - TPA +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| Denise E Barnett +<br>United States Trustee<br>501 East Polk Street<br>Suite 1200<br>Tampa, FL 33602-3945 | Mariam Zaki +<br>Elizabeth R. Wellborn, P.A.<br>350 Jim Moran Blvd, Suite 100<br>Deerfield Beach, FL 33442-1721 | Reka Beane +<br>Ronald R. Wolfe & Associates, P.L.<br>P.O. Box 25018<br>Tampa, FL 33622-5018 |
| Kevin Alan Comer +<br>The Law Offices of Daniel C. Consuegra,<br>9204 King Palm Drive<br>Tampa, FL 33619-8331 | Cynthia M Talton +<br>Ronald R. Wolfe & Associates, P.L.<br>P.O. Box 250818<br>Tampa, FL 33622-5018 | Frank Jose Gomez +<br>Florida Foreclosure Attorneys, PLLC<br>4855 Technology Way, Suite 500<br>Boca Raton, FL 33431-3352 |
| Dessa Willson +<br>Daniel C. Consuegra, P.L.<br>9204 King Palm Drive<br>Tampa, FL 33619-1328 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Federal National Mortgage Association    (u)Sally Garcia, Personal Representative of t    (u)Seterus, Inc.

(u)Suntrust Mortgage, Inc.				(u)Suntrust Morgage, Inc. +				End of Label Matrix
											Mailable recipients    76
											Bypassed recipients     5
											Total                  81