**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                              Chapter 11

LESLIE P. HOLDSWORTH,                    Case No.: 8:13-bk-00745-MGW

<u>    Debtor(s).          </u>/

**ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT FOR DEBTOR'S**
**PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE UNITED STATES**
**BANKRUPTCY CODE AND CONFIRMING DEBTOR'S PLAN OF**
**REORGANIZATION UNDER CHAPTER 11 OF THE UNITED STATES**
<u>**BANKRUPTCY CODE, AS MODIFIED**</u>

**THIS CASE** came on for hearing on January 14, 2015, to consider the following matters:

1.      Final approval of the Debtor's Disclosure Statement (**Docket #169**)(the "Disclosure Statement");

2.      Confirmation of the Debtor's Corrected Plan of Reorganization (**Docket #178**)(the "Plan");

3.      Objection to Corrected Plan of Reorganization (Class 2 in re 930 Allegro Lane, Apollo Beach, Fl. 33572 filed by Seterus, Inc. **(Docket #180)** (the "Seterus Objection");

4.      Objection to Plan Filed by Creditor SunTrust Mortgage, Inc. **(Docket #181)** (the "First SunTrust Objection");

5.      Objection to Confirmation of Plan and Disclosure Statement Filed by U.S. Trustee United States Trustee - TPA **(Docket #189)** (the "U.S. Trustee Objection");

6.      Objection to Confirmation of Chapter 11 Plan filed by SunTrust Bank, N.A. **(Docket #198)** (the "Second SunTrust Objection");

7.      Motion for Cram-Down Pursuant to Section 1129(b) (**Docket #201**); and

8.      Objection to Motion for Cram-Down filed by Seterus, Inc. **(Docket #204).**

<u>Changes made on the record in open court</u>: During the hearing, the parties informed the Court that the parties had reached various agreements to resolve their disputes regarding confirmation issues, namely:

A.      <u>Plan amendments made on the record in open court</u>:

i.      The treatment of Class 2 shall be modified as follows:

Seterus, Inc. holds a claim in the amount of $581,773.80 (**Claim #12**) secured by the Debtor's homestead located at 930 Allegro Lane, Apollo Beach, Florida 33572. The Debtor will make payments in accordance with the loan documents. The contractual principal, interest, taxes and insurance payment at this time is $4,488.51. The Debtor will cure all pre and post petition arrearages, approximately $257,369.11[1] in sixty (60) monthly payments commencing thirty days from the entry of the Confirmation Order. SunTrust Bank will retain its lien to the same extent, validity and priority as existed pre-Petition. This treatment is without prejudice to the Debtor seeking a mortgage modification.

ii.     The treatment of Class 3 shall be modified as follows:

SunTrust Bank holds a claim in the amount of $448,592.87 (**Claim #2**) secured by the Debtor's homestead located at 930 Allegro Lane, Apollo Beach, Florida 33572. The Debtor will make payments in accordance with the loan documents. The Debtor will cure all pre- and post-petition arrearages in sixty (60) monthly payments commencing thirty days from the entry of the Confirmation Order. SunTrust Bank will retain its lien to the same extent, validity and priority as existed pre-Petition. This treatment is without prejudice to the Debtor attempting to determine the secured status of this claim pursuant to 11 U.S.C. §506 in the event that the Debtor's spouse also files for protection under Title 11.

iii.    The treatment of Class 4 shall be modified as follows:

SunTrust Bank holds a claim in the amount of $880,109.99 (**Claim #13**) on real property located at 2980 Mountain Air Drive, Burnsville, NC. The Debtor reached a mortgage modification (**Docket #187**)with this claimant and will make payments in accordance with the modification.

---

[1]This arrearage is calculated as follows: $189,537.46 in principal and interest payments and $67,831.65 in escrow deficiency.

iv.     The treatment of Class 6 shall be modified as follows:

The Debtor will fund twenty-five thousand dollars ($25,000.00) to the Plan pool. Creditors in this class shall receive a pro rata distribution of their claim without interest in twenty (20) quarterly distributions of $1,250.00 commencing on start of the quarter immediately following the Effective Date of Confirmation. In the event that this quarter occurs less than thirty (30) days after the entry of the Confirmation Order, payment shall commence until the following quarter. Promissory Notes will be issued to each creditor in this class with allowed claims to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction. (See, *Exhibit "C"* to Disclosure Statement).

v.      Any tax refunds received by the Debtor or her spouse, when received, and after payment of all administrative expenses, will be used for plan payments over and above the $25,000.00 that is in the currently filed Plan.

B.      <u>Withdrawal of objections/changes of votes made orally on the record in open court</u>:

i.      Seterus, Inc. withdrew the Seterus Objection.

ii.     SunTrust Bank, N.A. withdrew the Second SunTrust Objection.

iii.    The U.S. Trustee withdrew the U.S. Trustee Objection.

After considering (a) the Confirmation Affidavit (**Docket #203**); (b) the Ballot Summary (**Docket #202**) (c) the evidence proffered and the arguments of counsel; and (d) the entire record in this Chapter 11 case, and for reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court has concluded the following: (1) That the Disclosure Statement should be finally approved; and (2) That the Plan should be confirmed. Accordingly, it is

**ORDERED:**

1.      <u>Jurisdiction, Venue, Core Proceedings</u>. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is

an eligible debtor under 11 U.S.C. § 109.[2] Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is the plan proponent in accordance with 11 U.S.C. § 1121(a).

2.    Final Approval of Disclosure Statement. On August 8, 2014, the Court entered its *Order Conditionally Approving Disclosure Statement, etc.* ( "Solicitation Approval Order") (**Docket #172**); that order *inter alia* conditionally approved the Disclosure Statement as containing at least minimally adequate information within the meaning of 11 U.S.C. §1125 and Rule 3017, Federal Rules of Bankruptcy Procedure. The Disclosure Statement complies with 11 U.S.C. §1125 and is, therefore, finally **APPROVED** as containing adequate information within the meaning of that section of the Bankruptcy Code.

3.    Confirmation of Plan. The Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1129.

4.    Transmittal of Solicitation Packages. Copies of the Disclosure Statement, the Plan, the Solicitation Approval Order, and a ballot (together, the "Plan Solicitation Package") were served on all creditors entitled to vote on the Plan. The Court finds that (a) timely and proper notice of the confirmation hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Plan was provided to all creditors and all parties in interest; (b) such notice was adequate and sufficient to notify all creditors and all parties in interest of the confirmation hearing and the objection and voting deadlines as to the Plan; and (c) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and otherwise satisfied the requirements of due process.  The modifications made on the record to the Plan did not require the Debtor to send out new ballots to her creditors.

5.    Ballot Tabulation. The Debtor filed a Ballot Tabulation (**Docket #202**) which reflected the acceptance of Class 6.  Therefore the Debtor has at least one impaired class voting in favor of the Plan.

6.    Compliance with the Requirements of 11 U.S.C. §1129.

a.    Compliance with 11 U.S.C. § 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code, in particular:

i.    Proper Classification. The Plan sets out separately numbered classes of impaired claims and interests. The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class. Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly

---

[2]Subsequent cites to title 11 of the United States Code may sometimes be to "the Bankruptcy Code."

discriminate between the holders of claims and interests. Therefore, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

ii. <u>Specified Unimpaired Classes</u>. The Plan properly designates unimpaired classes as unimpaired. Therefore, the Plan satisfies 11 U.S.C. §1123(a)(2).

iii. <u>Specified Treatment of Impaired Classes</u>. The Plan designates which classes are as impaired within the meaning of 11 U.S.C. § 1124. The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(3).

iv. <u>No Discrimination within Classes</u>. The Plan provides for the same treatment of each claim within each particular class of claims or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(4).

v. <u>Implementation</u>. The Plan provides adequate means for the Plan's implementation. Therefore, the Plan satisfies 11 U.S.C. §§ 1123(a)(5).

vi. <u>Corporate charter amendments</u>. The Debtor is an individual, therefore 11 U.S.C. §§ 1123(a)(6) does not apply.

vii. <u>Impairment/Unimpairment of Classes of Claims and Interests</u>. The Plan designates certain classes as impaired, as permitted by 11 U.S.C. §1123(b)(1).

viii. <u>Assumption or Rejection of Leases and Executory Contracts</u>. The Plan provides for the assumption and rejection of leases and executory contracts, subject to 11 U.S.C. §§ 365, as permitted by 11 U.S.C. § 1123(b)(2).

ix. <u>Modification of the Rights of Holders of Secured Claims</u>. The Plan modifies the rights of holders of secured debt as permitted by 11 U.S.C. §1123(b)(5).

x. <u>Cure of Defaults</u>. The Plan provides for the assumption of unexpired leases and executory contracts pursuant to an order of the Court, thereby satisfying 11 U.S.C. §1123(d).

b. <u>Compliance with 11 U.S.C. § 1129(a)(2)</u>. The Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code. Specifically:

i. The Debtor is an eligible debtors under 11 U.S.C. § 109.

ii.     The Debtor has complied with the applicable provisions of the Bankruptcy Code, unless such compliance was excused by order of this Court.

iii.    The Debtor has complied with 11 U.S.C. §§ 1125 and 1126, the Federal Rules of Bankruptcy Procedures, the Court's Local Rules, and the Solicitation Approval Order in transmitting the Solicitation Package and in soliciting and tabulating the vote.

c.      <u>Compliance with 11 U.S.C. § 1129(a)(3)</u>. The Plan has been proposed in good faith and not by any means forbidden by law. The good faith is evident from the record in this case, the facts as adduced or proffered at the confirmation hearing and other hearings during the course of this bankruptcy case, and the information contained in the Disclosure Statement. The Plan was proposed with the honest and legitimate purpose of maximizing the value of the Debtor's estate and the payments to creditors. The Plan was developed in good faith on the part of the Debtor and in good faith negotiations with various creditors. Therefore, 11 U.S.C. § 1129(a)(3) is met.

d.      <u>Compliance with 11 U.S.C. § 1129(a)(4)</u>. Applications for fees and expenses of professionals were filed and have been approved by this Court or will be filed and are subject to approval by this Court. Separate orders will be entered thereon. Therefore, 11 U.S.C. § 1129(a)(4) is met.

e.      <u>Compliance with 11 U.S.C. § 1129(a)(5)</u>. The Debtor is an individual, therefore 11 U.S.C. § 1129(a)(5) does not apply.

f.      <u>Compliance with 11 U.S.C. § 1129(a)(7)</u>. As to impaired classes of claims, each holder of a claim or interest of such class has accepted the Plan or will receive or retain property of a value that is not less than it would receive or retain if the Debtor was liquidated under Chapter 7. Therefore, 11 U.S.C. § 1129(a)(5) is met.

g.      <u>Compliance with 11 U.S.C. § 1129(a)(8)</u>. Every class of creditors that is impaired under the Plan did not vote to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(8) is <u>not</u> met.

h.      <u>Compliance with 11 U.S.C. § 1129(a)(9)</u>. Priority tax claims will be paid in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii). The treatment of these and other allowed administrative expense claims meets the requirements of 11 U.S.C. § 1129(a)(9).

i.      <u>Compliance with 11 U.S.C. § 1129(a)(10)</u>. The holders of claims in Class 6 voted to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(10) is met.

j.      <u>Compliance with 11 U.S.C. § 1129(a)(11)</u>. Based upon the information

contained in the Disclosure Statement and uncontroverted evidence proffered at the Confirmation Hearing that is both persuasive and credible, the Plan is feasible and not likely to be followed by liquidation or further financial reorganization. Therefore, 11 U.S.C. § 1129(a)(11) is met.

k.    <u>Compliance with 11 U.S.C. § 1129(a)(12)</u>. The Plan provides that fees required to be paid pursuant to 28 U.S.C. § 1930 are administrative expenses that will be paid on the effective date of confirmation. Therefore, 11 U.S.C. § 1129(a)(12) is met.

l.    <u>Compliance with 11 U.S.C. § 1129(b)</u>. The Court finds that the Plan does not discriminate unfairly and is fair and equitable as to non-accepting impaired classes, specifically:

      i.    The Class 1 creditor will be paid pursuant to 11 U.S.C. § 1129(a)(9)(C)(ii).  Therefore, 11 U.S.C. §1129(b)(2)(B) is satisfied.

      ii.   The Class 2, 3 and 4 creditors are retaining their liens and receiving payment over time.  Therefore, 11 U.S.C. § 1129(b)(2)(A)(i) is satisfied.

m.    <u>Principal Purpose of the Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. No governmental entity has filed an objection to the Plan on these grounds. Therefore, 11 U.S.C. § 1129(d) is satisfied.

7.    <u>Executory Contracts</u>. The Plan's assumption of any identified unexpired leases and executory contracts pursuant to 11 U.S.C. §§ 365 and 1123(b) is approved. The rejection of all or other executory contracts and unexpired leases is approved.

8.    <u>Implementation</u>. The Debtor is authorized to execute, deliver, file, or record any documents, contracts, instruments, and other agreements and take all other actions as may be necessary to implement and effectuate the Plan.

9.    <u>Binding Effect</u>. Upon entry of this order and subject to the occurrence of the Plan's effective date, the provisions of the Plan shall bind the Debtor, all holders of claims (irrespective of whether the claims are impaired under the Plan or whether the claimants have accepted the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtor, any party in interest in the bankruptcy case, and the heirs, administrators, executors, successors or assigns, if any, or any of them.

10.   <u>Liens survive</u>. Except for liens and security interests avoided by separate order, the liens and security interests of creditors whose claims are secured by an interest in property of the Debtor will continue, for so long as the Debtor is obligated to the

holder of the lien or security interest as a secured claimant.

11.    <u>Objection to Confirmation</u>.    The First SunTrust Objection is overruled based on the Debtor's oral amendment to Class 3.

12.    <u>Motion for Cram Down</u>.  The Motion for Cram Down is Granted.  The Court shall issue a separate order to that effect.

13.    <u>Discharge</u>. Pursuant to 11 U.S.C. § 1141(d)(5), confirmation of the Plan does not discharge the Debtor from any debt that arose before confirmation.  The Debtor may administratively close her bankruptcy, and, upon completion of the payments under the Plan, administratively re-open her bankruptcy and seek entry of a discharge.

14.    <u>Continued compliance with 28 U.S.C. § 1930</u>. All fees required to be paid by 28 U.S.C. § 1930 shall accrue and be paid timely until the Chapter 11 case is closed, dismissed, or converted.

15.    <u>Compensation and expense reimbursement applications</u>. Debtor's counsel and other professionals shall file their final applications for allowance of compensation and costs through the date of confirmation within thirty (30) days of the date of this order.

16.    <u>Retained jurisdiction</u>. Pursuant to the Plan and 11 U.S.C. §§ 105 and 1142, this Court retains jurisdiction subsequent to the entry of this order to enter orders necessary to facilitate the implementation of the Plan and to ensure that the purposes and intent of the Plan are carried out.

17.    <u>Status Conference</u>.  A status conference will be held in, Courtroom "8-A", Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602 on March 4, 2015, at 9:30 a.m. before the Honorable Michael G. Williamson, United States Bankruptcy Judge.

**DONE** in Tampa, Florida on ___February 26, 2015___

_____
**Michael G. Williamson**
United States Bankruptcy Judge

Attorney for Debtor, Buddy D. Ford, Esquire, is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.